IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYJUAN ANDERSON, # R-19940, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 12-cv-0111-MJR ) |
| WARDEN REDNOUR, REBECCA COWAN, CHARLES PARNELL, and BETSY SPILLER, | ) ) ) ) ) |
| Defendants. | ) ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

### I.   Introduction

Plaintiff Tyjuan Anderson, an inmate at Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, which occurred while Plaintiff was incarcerated at Menard Correctional Center ("Menard"), located within this Judicial District. Plaintiff is serving a 50-year sentence for murder. This § 1983 case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A. This action is subject to summary dismissal.

**II.    Summary of Complaint Allegations**

The following facts are taken from Plaintiff's complaint (Doc. 1). On January 31, 2010, Plaintiff allegedly assaulted Correctional Officers ("C/Os") Opolka

2

and Hudson in the dining room at Menard (Doc. 1, pp. 9, 12).  On February 3, 2010, after a disciplinary hearing, Defendant Parnell imposed the following penalties on Plaintiff for his January 31 assault of C/O Opolka:  (a) 1 year demotion to C-grade status, (b) 1 year in disciplinary segregation, (c) revocation of 3 months good conduct credit, (d) 1 year commissary restriction, and (e) 6 months contact visit restriction (Doc. 1, p. 9).

These exact punishments were repeated for Plaintiff's assault of C/O Hudson and ordered to run consecutively (Doc. 1, p. 12).  As a result, Plaintiff's total punishment added up to two years in disciplinary segregation and a loss of six months of good conduct credit, for example.  Plaintiff asserts that he received improper double punishment when two disciplinary reports were issued for a "single incident" (Doc. 1, p. 5).

Defendant Rednour signed off on these punishments, and Defendant Cowan delivered a copy of the adjustment committee's final report to Plaintiff (Doc. 1, pp. 10, 13).  Plaintiff grieved these punishments to various unnamed parties as well as to Defendant Spiller, to no avail (Doc. 1, pp. 5-6).

Plaintiff requests compensatory damages for each day "served excessively in confinement" (Doc. 1, p. 7).

### III.     Analysis

Plaintiff claims that he was deprived of six months good conduct credit, given two years' segregation, and subjected to other punishments as a result of Defendant Parnell violating Illinois Administrative Code tit. 20, § 504.110(a).  The Counseling Summary in response to Plaintiff's inquiry clarifies that the disciplinary

3

committee determined that the two assaults should be treated as separate incidents, which meant that Plaintiff's punishment for each infraction would be served consecutively (Doc. 1, p. 14).

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). In *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984), the Seventh Circuit held that the filing of false disciplinary charges by a correctional officer does not state a Fourteenth Amendment claim when the accused inmate is given a subsequent hearing on those charges and the inmate is afforded the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974) (advance written notice of the charge, right to appear before the hearing panel, the right to call witnesses if prison security allows, and a written statement of the reasons for the discipline imposed). Additionally, the decision of the disciplinary board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). The Seventh Circuit reasoned that prisoners have a right "to be free from arbitrary actions of prison officials," *Hanrahan,* 747 F.2d at 1140, but the procedural protections outlined in *Wolff* provide the appropriate protection against arbitrary actions taken by a correctional officer, such as issuing the inmate a fabricated conduct violation.

Here, Plaintiff's complaint does not suggest that he was deprived of any *Wolff* protections. Rather, Plaintiff only alleges that Defendant Parnell failed to abide by an Illinois administrative regulation regarding prisoner discipline. Plaintiff's argument rests on his interpretation of Illinois Administrative Code tit. 20, § 504.110, which states:

4

> a) When an offender has been found in violation of more than one offense arising from a single incident, the maximum penalty shall not exceed the maximum penalty for the most serious offense the individual is found to have committed.
>
> b) When an offender has been found in violation of more than one offense arising from separate incidents, the maximum penalty for each offense may be imposed, and such penalties shall run consecutively. For example, an offender who is found guilty of assaulting several persons within a short period of time has committed multiple offenses that would be punishable consecutively.

Plaintiff contends that his assaults should be analyzed under subsection (a), but the attachments to Plaintiff's complaint suggest that Plaintiff was found guilty of assaulting two guards within a short period of time, placing his punishment in the context of subsection (b) (Doc. 1, pp. 9, 12, 14). Thus, Plaintiff's allegations of a due process violation are unfounded.

Furthermore, even if Defendant Parnell erred in imposing consecutive punishments on Plaintiff, the violation of an administrative rule, by itself, does not give rise to a constitutional claim. *See Whitman v. Nesic*, 368 F.3d 931, 935 n. 1 (7th Cir. 2004); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (§ 1983 provides a remedy for *constitutional* violations, not violations of state statutes and regulations). Assuming, *arguendo*, that Parnell violated Plaintiff's procedural rights in failing to comply with the Illinois Administrative Code, Plaintiff still must show that he was deprived of a constitutionally-guaranteed liberty interest as a result of Parnell's missteps.

### A – Disciplinary Segregation

Although Plaintiff does not state a due process claim based on the Defendant's interpretation of the Illinois Administrative Code, the length of his segregation term (two years) would raise a potential claim if Plaintiff's disciplinary

5

hearing had lacked the procedural protections described in *Wolff*, and if the conditions of his segregation were unduly harsh. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 694 (7th Cir. 2009) (where prisoner alleged several procedural violations in his disciplinary hearing, his 240-day segregation term was "sufficiently long to implicate a cognizable liberty interest if the conditions of confinement during that period were sufficiently severe").

However, because Plaintiff has not alleged any irregularities in the conduct of his disciplinary hearing, he has failed to state a cognizable due process claim related to the imposition of segregation. Thus, this claim shall be dismissed without prejudice.

### B – Revocation of Good Conduct Credit

A loss of good time credit does implicate a liberty interest, because such a loss potentially affects the length of Plaintiff's sentence. As such, Plaintiff may have a cognizable due process claim regarding good time credit revoked in the February 3, 2010, disciplinary proceeding. However, the proper method for challenging the revocation of good time credit is habeas corpus, and that can be done only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey,* 512 U.S. 477, 480-81 (1994).

The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101, *et seq.*,

6

to consider the merits of Plaintiff's claim. Accordingly, this claim is dismissed without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, ***after he has exhausted his state court remedies***.

### C – Other Punishments

Plaintiff claims that he was demoted to C-grade, lost commissary privileges, and lost visitation privileges as a result of the February 3, 2010 disciplinary hearing. However, these allegations do not present a viable constitutional claim. *See, e.g., Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to C-grade status and loss of commissary privileges). Additionally, prisoners do not have a fundamental right to visitation arising directly from the Constitution. *Ky. Dep't of Corr. v. Thompson,* 490 U.S. 454 (1989). "The denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,' and therefore is not independently protected by the Due Process Clause." *Id.* at 1909 (citing *Hewitt v. Helms,* 459 U.S. 460 (1983)).

As Plaintiff has no liberty interest in these other facets of his punishment, he has failed to state a due process claim with regard to these particular actions taken by the disciplinary review board. Therefore, this claim shall be dismissed with prejudice.

### D.     Defendants Rednour, Cowan, and Spiller

Plaintiff's claims against Defendants Rednour, Cowan, and Spiller all arise out of their alleged failure to adequately address Plaintiff's grievances over the February 3, 2010 disciplinary action. However, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v.*

7

*Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution.  *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).  Plaintiff mentions no conduct by these three Defendants other than their involvement in the grievance procedures.  Therefore, Plaintiff has failed to state a claim against Defendants Rednour, Cowan, and Spiller upon which relief may be granted.

### IV.    Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED**, without prejudice to Plaintiff bringing his claim for loss of good conduct credit in a properly filed habeas corpus action should he wish to do so, ***but only after he has exhausted his state court remedies***.

This dismissal shall not count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE.**

IT IS SO ORDERED.

DATED July 9, 2012.

s/ MICHAEL J. REAGAN
Michael J. Reagan
United States District Judge

8